UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MURPHY, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HRB GREEN RESOURCES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 3:16-cv-04151-EDL<br><br>**[PROPOSED] ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE PRIVATE ATTORNEY GENERAL ACT** |

This matter came on for hearing on May 14, 2019, at 9:00 a.m. in Courtroom E of the United States District Court, Northern District of California. Plaintiff Monique Murphy ("Plaintiff") appeared and argued through her counsel, Dennis Hyun of Hyun Legal, APC and Defendant HRB Green Resources, LLC ("Defendant") (Plaintiff and Defendant collectively, the Parties") appeared and argued through its counsel, Adam Karr of O'Melveny & Myers LLP.

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. Plaintiff motion to approve the settlement agreement pursuant to the Private Attorney General Act, Labor Code § 2698 et seq., Settlement Agreement and Release ("PAGA Settlement Agreement"), is granted. Pursuant to Labor Code § 2699(i), the gross settlement amount of $275,000.00 shall be distributed as follows:

- $91,666.67, or 1/3 of the gross settlement amount will be paid as attorneys' fees;
- $8,673.30 will be paid as Plaintiff's counsel's costs;
- $10,000.00 shall be paid to Plaintiff as compensation for executing a general California Civil Code § 1542 release and for serving as the PAGA representative;
- $7,100.00 will be paid to Phoenix Settlement Administrators (the "Settlement Administrator") to administer the settlement;

2. After subtraction of the said amounts, the remaining sum $157,560.03 will be distributed to the LWDA and the Aggrieved Employees on a 75/25 basis pursuant to PAGA. (Settlement Agreement ¶ X(36)). Assuming these amounts are fully awarded, $118,170.02 will be paid to the LWDA and approximately $39,390.01 will be distributed to the Aggrieved Employees (the "Aggrieved Employee Amount").

3. The Aggrieved Employees is defined as: (a) all current and former associates employed by Defendant in California in calendar year 2016 and who received a paystub during this time period reflecting the payment of overtime (the "Paystub Aggrieved Employees"); and (b) all current and former associates employed by Defendant in California between January 1, 2016 through December 31, 2018 and who received an end of season true up payment from Defendant (the "End of Season Aggrieved Employees"). The Paystub Aggrieved Employees and

End of Season Aggrieved Employees shall collectively be referred to herein as the "Aggrieved Employees." (Settlement Agreement ¶ III(14)).

4. As to the distribution to the Aggrieved Employees, the Court approves of the following formula set forth in the Parties' Agreement:

(a) For calendar year 2016, the Claims Administrator will determine the number of Paystub Aggrieved Employees.

(b) For calendar years 2016, 2017, and 2018, the Claims Administrator will determine the number of employees in each calendar year who are End of Season Aggrieved Employees.

(c) The Claims Administrator will add the total number of Paystub Aggrieved Employees and End of Season Aggrieved Employees to determine the total number of settlement allotments to be paid under this Settlement.

(d) Each Aggrieved Employee shall be entitled to a monetary payment for each calendar in which he or she was either a Paystub Aggrieved Employee (i.e., received one or more paystubs reflecting overtime in 2016) or End of Season Aggrieved Employee, each such payment constituting a "Settlement Payment." For the avoidance of doubt, if an Aggrieved Employee is both a Paystub Aggrieved Employee and End of Season Aggrieved Employee for a single calendar year, that Aggrieved Employee shall be entitled to two Settlement Payments for that calendar year.  As another example, if an Aggrieved Employee is a Paystub Aggrieved Employee for 2016 and an End of Season Aggrieved Employee for 2016 and 2017, that Aggrieved Employee shall be entitled to three (3) Settlement Payments, which shall be paid by the Claims Administrator in a single "Settlement Check."

(Settlement Agreement ¶ X(38)(a)-(d)).

If any employee qualifies as both a Paystub Aggrieved Employee and an End of Season Aggrieved Employee, such employees will be credited accordingly for purposes of determining his/her proportionate share of this settlement.  (*Id.*)

5. Plaintiff and Defendant are ordered to carry out the terms of the settlement in accordance with the terms of the PAGA Settlement Agreement.

6. This Judgment shall be binding on Plaintiff, all Aggrieved Employees (as defined in the PAGA Settlement Agreement), and the State of California.  Nothing in this Order or the PAGA Settlement Agreement shall be construed as an admission by Defendant of liability or an admission by either Party regarding the value of Plaintiff's claims.

IT IS SO ORDERED AND ADJUDGED.

DATED: _____

HON. ELIZABETH D. LAPORTE
U.S. MAGISTRATE COURT JUDGE

**[PROPOSED] ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE PRIVATE ATTORNEY GENERAL ACT**